Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that the deed of trust executed by John C. Dickinson and Martha his wife, on the 7th day of November 1842, to William T. Dickinson, Burwell B. Dickinson and Leonard J. Clough, for the benefit of George N. Clough, was made with intent to defraud the creditors of said John C. Dickinson, and as against such creditors is fraudulent and void; but that the same was good as between the parties thereto ; and therefore, the decree of the Circuit court was erroneous in wholly setting aside and vacating the said deed. The Court is further of opinion, that under the act- of assembly concerning executions, and for the relief of insolvent debtors, 1 Rev. Code, p. 524, all the property and rights of the insolvent debtor are vested in the sheriff, who as representing the creditor, is entitled to assert the legal and equitable rights of the creditor, and to set aside fraudulent conveyances of the insolvent, and recover the property for the benefit of the creditor.
The Court is therefore of opinion, that although the said John C. Dickinson, in the schedule subscribed and delivered by him, surrendered his equity of redemption only, in the real and personal estate described in the deeds of trust in the schedule referred to, subject to any lien created by said deeds, the sheriff claiming under the law, which for the benefit of the creditor vested in him all the property of the insolvent, had the right in a proper proceeding, to impeach said deeds or either of them, and set them aside as against the creditor, if made with intent to defraud the creditor.
*33 The Court is further of opinion, that as the law does not permit a sale of the goods, chattels or estates belonging to the debtor, and in the possession of any other person, until the same shall have been recovered in the mode prescribed; so neither is the sheriff, who is a trustee for all interested in the estate, justified in selling the interest of the debtor in the estate surrendered by the schedule or vested by law in the sheriff, when owing to alleged incumbrances, the validity of which is controverted, or the extent thereof unascertained and uncertain, the property is not in a condition to be disposed of for its fair value. The Court is further of opinion, that as by the deed of trust of the 7th November 1842, for the benefit of said George N. Clough, portions of the property thereby conveyed, are described as being situated in the counties of Caroline and Spotsylvania, the interest of the debtor in such property vested in the sheriffs of those counties respectively; and a sale made thereof by the sheriff of Hanover, was without authority and void; and as by the said deed all the personal estate of said debtor was conveyed, including amongst other things, all debts then due, or which might become due to him, such dioses in action were not the proper subjects of sale ; and as it does not appear that the sheriff was in possession of the slaves or other personal property, or that the same was in such a condition that he could have taken possession thereof, without any process, it would not have been competent for the sheriff to have made a valid sale thereof so as to vest in the purchaser the legal title.
The Court is further of opinion, that where, as in this case, a variety of property was embraced in the schedule; a sale, not of the property specifically, but of the schedule itself, would be a violation of duty on the part of the sheriff; and the purchaser at such a sale, if he acquired the legal title, would, in a Court of equity, *34 be treated as a_trustee' for the benefit of those interes- , ted.
But it appearing in this case, that no regular conveyanee.has been made by the sheriff, the paper executed fry-h™ dated the 28th February 1843, not being under seal, no title to the real, estate contained in the schedule has passed to the purchaser, and the title of the insolvent is still vested in the sheriffs of the counties where such property shall lie or be found. The Court is therefore of opinion, that the decree of the Circuit court was also erroneous in holding that all the title of the said John C. Dickinson to "the property conveyed by the deed of trust of the 7th of November 1842, passed to the appellee, Charles Thompson, and in directing his ■title to be quieted, and declaring the same to be complete ; and in decreeing that the sheriff should deliver over to him, the slaves and other personal property, and pay over to’ him the net amount of all hires of the slaves, and all money arising from the sale of the perishable property.
The Court is further of opinion, that said Circuit court, instead of proceeding to render any decree, should •have required the appellee to amend his bill, and make, as defendants to the suit, the sheriff’s of Hanover, Caroline and Spotsylvania counties, the creditors of said John C. Dickinson and the persons interested in the deeds of trust in the schedule referred to. And the parties being regularly before the Court, there should have been a decree for the sale of the property belonging to the debtor, and vested in the sheriffs aforesaid; and from the proceeds arising from the sale of the property ■embraced in the deed for the benefit of William Hancock, the amount of his debt should have been discharged ; the validity of the deed for his benefit not being impeached; and the balance, if any, arising from the-sale of the property in said deed described, together with the proceeds arising from the sale of the pro *35 perty described in the deed for the benefit of said A J George N. Clough, or arising from the hires, rents or profits thereof, should have been applied to the repayment of the sum of 300 dollars paid by the appellee to the sheriff at the sale of the schedule, with interest from the time of such payment, in the first place, then payment of the creditors of the said John C. Dickinson according to their legal priorities; and after satisfying the claims aforesaid, the residue, if any, should have been decreed to be paid over to the said George N. Clough.
It is therefore ordered and adjudged, that said decree be wholly reversed and annulled — that the injunction be reinstated, with costs to the appellants, and the cause remanded, with instructions to direct new parties to be made, and for further proceedings, according to the principles above declared, in order to a final decree.